

**Dated: March 16, 2015**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                        )
                                              )
  BRUCE A. HANCOCK, JR.,              )        CASE NO. 15-10037-JDL
                                              )        Ch. 13
                Debtor.   )

### <u>OPINION AND ORDER DENYING MOTION TO RECUSE</u>

On February 19, 2015, the Court entered its *Order on Debtor's Motion for Continuance of (1) Hearing on Dismissal of Case for Failure to Pay Filing Fees, (2) Hearing on Debtor's Motion to Dismiss Case, (3) Hearing on Amended Motion to Lift Stay and for Abandonment of Property and (4) Hearing on Amended Motion for Sanctions* [Doc. #43] continuing the evidentiary hearings to March 10, 2015. That Order was entered pursuant to Debtor's *Motion for Continuance* in which he requested a 30 day continuance of those matters originally set for February 19, 2015. [Doc. #41]

On March 9, 2015, the day before the above matters were set for hearing, Debtor filed his *Motion to Recuse* requesting that this court recuse itself based upon 28 U.S.C.

§ 455 on the basis of "bias or partiality shown on behalf of the court".  [Doc. #58]  Prior to conducting a hearing on the motions scheduled for March 10, 2015, the Court conducted a hearing on the *Motion to Recuse*.  At the conclusion of the hearing, the Court denied the *Motion to Recuse*.  This opinion and order supplements the findings and conclusions stated in open court when the *Motion to Recuse* was denied.

The *Motion to Recuse* appears to rest upon three grounds: (1) that the court "has shown bias toward Debtor because of his status as 'an abusive filer'"; (2) that the judge's law clerk had an "ex parte communication and told me what the judge was going to do with my case", and (3) that the "judge is not giving him the opportunity to proceed with the merits, but merely how many times that debtor has filed bankruptcy".  Debtor appeared *pro se* and was given the opportunity to be heard, and essentially testified that the reasons stated in his Motion to Recuse were as stated above.

This Court has never labeled Debtor as an "abusive filer", although the facts and the findings of previous courts could justify that description.  This is Debtor's thirteenth (13th) bankruptcy, and judges other than this one who handled Debtor's prior cases have on the record found him to be not only an "abusive filer" but a "super abusive filer".  [Case number 10–17238-NLJ, Doc. #30; Tr. Jan. 11, 2011, pg. 43, ll. 15-16].  This Court did note, however, in its January 24, 2015 order, that "this is Debtor's 13th bankruptcy filing, and leniency has its limits, and Debtor is not free to file pleadings which are not clearly authorized by the Court as would be known to him had he read the local rules".  [Doc. #40]  That was a simple statement of fact and a logical admonition to Debtor to follow the rules.  Although Debtor is a *pro se* litigant, the court may properly insist that he "follow the same

2

rules and procedures that govern other litigants". See, *Garrett v. Selby Connor Maddux & Janer*, 425 F3d 836, 840 (10th Cir. 2005).

Debtor complains of his phone conversation with the court's law clerk. That conversation, initiated by Debtor, concerned Debtor's *Motion for Continuance* of the matters that were originally scheduled for February 19, 2015. Debtor's *Motion* sought to continue them for a period of 30 days. One of the reasons for the requested continuance was so that Debtor could "seek assistance of counsel". Debtor had previously filed a *Motion for Voluntary Dismissal* [Doc. #12] in which he stated as one of his grounds that "he did not feel comfortable proceeding without legal representation". The law clerk advised Debtor that the matters then set for hearing on February 19, 2015, would be continued to March 10, 2015. This continuance was granted notwithstanding that Debtor had failed to appear for a hearing on January 27, 2015, to show cause why his case should not be dismissed if he failed to pay the filing fees by January 23 in accordance with the *Order Denying Application to Pay Filing Fee in Installments,* entered January 8, 2015 [Doc. #5]. Furthermore, the Court specifically found in its Order entered January 27, 2015 [Doc. #17], that the "hearing on Debtor's motion to voluntarily dismiss should be set for hearing prior to any potential dismissal of the case". The Court finds it incredulous that the discussion with the law clerk regarding continuing the hearing on these matters, a discussion initiated by Debtor and resulting in him having obtained a continuance, could by any reasonable person be viewed as showing bias against him.

The disqualification of a bankruptcy judge is governed by Fed. R. Bankr.R. 5004, which states: "A bankruptcy judge shall be governed by 28 U.S.C. section 455, and

disqualified from presiding over the proceedings or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case".  The *Motion to Recuse* is apparently based upon 28 U.S.C. § 455(a)[1] which provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned".  The standard for determining whether a judge's impartiality might reasonably be questioned for purposes of 28 U.S.C. § 455 is an objective standard.  *United States v. DeTemple*, 163 F.3d 279, 286 (4th Cir. 1998).  "This objective standard asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances."  *Id*.  The objective standard under 28 U.S.C. § 455 abolishes the former rule that the courts should resolve close questions of disqualification in favor of a duty to sit, "but it does not require a judge to recuse himself because of 'unsupported, irrational or highly tenuous speculation".  *Id.* at 287.  For the court to disqualify itself in such circumstances "would be to set the price of maintaining the purity of appearance too high - it would allow litigants to exercise a negative veto over the assignment of judges... a result which Congress never intended the disqualification statute to yield".  *Id.*

Section 455 is most commonly applied when a judge learns something outside of the proceedings before her which "results in an opinion on the merits on some basis other

---

[1]  Debtor did not specify which subsection of section 455 he was relying upon. Presumably he is relying on 455(a) which is a catchall disqualification provision.  Subsection (b)(1) is more narrow in that it requires a judge to disqualify himself only if "he has a personal bias or prejudice concerning the party, or personal knowledge of disputed evidentiary facts concerning the proceeding".  Section 455(a), on the other hand, is a " catchall recusal provision, covering both 'interest or relationship' and 'bias or prejudice' grounds". *Liteky v. United States*, 510 US 540, 548, 114 S. Ct. 1147 (1994).

4

than what the judge learns from her participation in the case". *Armstrong v. Bailey*, 101 Fed. Appx. 780 (10th Cir.2004); *U.S. v. Liteky*, 510 U.S. 540, 551, 114 S. Ct. 1147 (1994) (noting that "the extrajudicial source factor is the only common basis upon which to establish disqualifying bias"). Neither a judge's knowledge about a party from the judge's participation in a separate case or prior adverse ruling is a ground for recusal under *§ 455.* *Willner v. University of Kansas*, 848 F.2d 1023 (10th Cir. 1988); *United States v. Cooley*, 1 F.3d 985, 993-4 (10th Cir. 1993). The mere fact that a judge has expressed an opinion on a point of law is not a basis for recusal. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976), nor is the fact that the prior rulings in the proceeding have been adverse to the party seeking recusal. *Glass v. Pfeffer*, 849 F.2d 1261 (10th Cir. 1988).

In *In re Bennett*, 283 B.R. 308, 322 (10th Cir. BAP), the Bankruptcy Appellate Panel summarized the basis for recusal under § 455:

> "In *Liteky*, the court stated that section 455(a) is subject to an 'extrajudicial source factor' which at its base asserts that alleged bias or prejudice 'must stem from an extrajudicial source or source outside the judicial proceeding at hand and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' (Citation omitted). Under this factor, 'judicial rulings alone almost never constitute a valid basis for bias or partiality motion'.
>
> Opinions formed by a judge on the basis of facts introduced or events occurring in the course of the case, or of the prior proceeding, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of the trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having

been confirmed as federal judges, sometimes display. A judge's ordinary efforts a courtroom administration remain immune."

Similarly, the standard of recusal under § 455(a) was stated by the Tenth Circuit in *American Ready Mix,* 14 F.3d 1497, 1501 (10th Cir. 1990) (quoting *Hinman v. Rogers*, 831 F.2d 937, 938 -39 (10th Cir.1987):

> "Under section 455, a judge should recuse if 'a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.' However, 'factual allegations do not have to be taken as true, and there is as much obligation for a judge not to recuse when there is no occasion to do so as there is to recuse when there is'. A judge should not recuse on unsupported, irrational, or highly tenuous speculation."

For the reasons stated in court and in this opinion and order, this Court is satisfied that a reasonable, well-informed outside observer, aware of all the facts and circumstances presented here, would not question this Court's impartiality.

Therefore, in accordance with this opinion and order and the Court's oral ruling on March 10, 2015, Debtor's *Motion to Recuse* is overruled and denied.

# # #