**Dated: March 19, 2015**

**The following is ORDERED:**




IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRUCE A. HANCOCK, JR., | ) | CASE NO. 15-10037-JDL |
| | ) | Ch. 13 |
| Debtor. | ) | |

**MEMORANDUM OPINION**
**AND ORDER DISMISSING CASE WITH PREJUDICE**

This matter came before the court for hearing on March 10, 2015, upon the Court's show cause order as to why the case should not be dismissed for failure to pay filing fees on or before January 23, 2015 [Doc. #7]; on the Debtor's *Motion for Voluntary Dismissal* filed on January 21, 2015 [Doc. #12] and the *Objection* thereto filed by U.S. Bank National Association [Doc. # 23] on January 29, 2015. As will be discussed in detail below, the court also *sua sponte* raised the issue of the Debtor's eligibility to be a debtor for failure to comply with the credit counseling requirements of 11 U.S.C. § 109(h)(1).[1] Representations

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

were made and arguments were had by Debtor, counsel for U.S. Bank National Association and counsel for the standing Chapter 13 trustee. Based upon the same, the pleadings, and other court papers on file and good cause appearing, the Court makes this Memorandum Opinion and Order of Dismissal with Prejudice, which in conjunction with and supplementing its oral pronouncement from the bench, will constitute its findings of fact and conclusions of law.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this contested matter under 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §1409. A determination regarding the dismissal of a case and an individual's eligibility to be a debtor under Title 11 are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), and the court has authority to enter a final order.

## DISCUSSION

This case was filed *pro se* on January 7, 2015. On January 7, 2015, Debtor filed his *Application for Individuals to Pay the Filing Fee in Installments.* [Doc. #3]. On January 8, 2015, the Court entered its *Order (1) Denying Payment of Filing Fee in Installments, (2) Directing Payment of Filing Fees on or Before January 23, 2015, and (3) Setting Hearing to Consider Dismissal of Case with Prejudice if Filing Fee Is Not Paid.* The Order set a hearing for January 27, 2015, at 2:00 p.m. [Doc. #5]. On January 21, 2015, Debtor filed his *Motion for Voluntary Dismissal* [Doc. #12]. Debtor failed to make the payment of the balance of his filing fees by the January 23 deadline established by the Court's January 8 Order.

On January 27, 2015, Debtor failed to appear in person or by counsel for the show cause hearing as to why the case should not be dismissed for failure to pay filing fees. [Doc. #16]. The Court thereupon entered its *Order (1) Continuing Hearing on Dismissal of Case for Failure to Pay Filing Fees, (2) Setting Hearing on Debtor's Motion for Voluntary Dismissal,(3) Setting Hearing on Motion to Lift Stay and for Abandonment of Property and (4) Setting Hearing on Motion for Sanctions* setting the matters for hearing on February 19, 2015. [Doc. #17]. On February 17, 2015, Debtor filed a motion for continuance seeking to continue the February 19 setting for 30 days. [Doc. # 41]. Notwithstanding the fact that Debtor had neither paid the filing fees as ordered by the court nor appeared at the January 27, 2015, show cause hearing, the Court granted Debtor's request for continuance of the hearing to March 10, 2015. On the afternoon of March 9, 2015, the day before the March 10 hearing, Debtor paid the delinquent filing fee and filed a *Motion* to *Withdraw his Motion for Voluntary Dismissal*. [Doc. #58].[2]

As stated, Debtor did not pay the filing fee by January 23, 2015, pursuant to the Court's order. When afforded the opportunity to appear and show cause why the case should not be dismissed due to his failure to pay the fees timely, Debtor did not avail

[2] The Court need not address Debtor's *Motion for Voluntary Dismissal* or his *Motion to Withdraw Voluntary Motion to Dismiss Chapter 13 Bankruptcy*. While a debtor has an absolute right to dismiss a Chapter 13 under § 1307(b), the Court would still have the authority to impose conditions upon that dismissal. Thus, even if Debtor's attempt to withdraw his *Motion* wasn't procedurally infirm, which it is, and the Court could rule favorably upon his *Motion for Voluntary Dismissal*, such dismissal would still be upon the conditions set forth in this Order. On the other hand, if the Court permitted withdrawal of the *Motion,* the case would still be subject to dismissal due to the Debtor's ineligibility, his failure to pay the filing fees in accordance with the court's previous order and his "bad-faith" serial filings. The end result is that Debtor's *Motion for Voluntary Dismissal* and his attempt to withdraw the same need not be addressed.

himself of that opportunity. His payment of the fees the day before the March 10 hearing on his *Motion for Voluntary Dismissal* without seeking leave of court is, when taken in the context of the totality of the circumstances, simply "too little, too late". Debtor has a history of flagrantly ignoring the rules of the bankruptcy court, and he will not be permitted to work according to his own timetable rather than the orders of the court. The case will be dismissed on that ground; however, as will be made clear below, not on that ground alone.

Debtor's failure to perform his obligations under the Bankruptcy Code and Rules which characterized many of his prior cases, and which is discussed in detail below, has also occurred in this case, including:

(1) Debtor filed his "bare-bones" bankruptcy on January 7, 2015, without schedules, summary of schedules, statement of financial affairs, means test form, employee income records and certificate of credit counseling. Under Fed. R. Bankr. P. 1007(c), those documents are to be filed with the petition or within 14 days thereafter. All of those documents were to be filed not later than January 21, 2015. The documents which were filed were not filed until March 9, 2015, 61 days after the filing of the bankruptcy. Debtor did not obtain leave of court to extend the time for the filing of any documents.

(2) As of this date, March 10, 2015, Debtor has not filed his means test form (Official Form 22c).

(3) Fed. R. Bankr. P. 3015(b) provides that a Chapter 13 debtor may file a Chapter 13 plan with the petition. If it is not filed with the petition, it shall be filed within 14 days thereafter, and such time may not be further extended except for cause shown and noticed as the court may direct. As of this date, Debtor has not filed his Chapter 13 plan nor sought leave of court to extend the time to file the same. Furthermore, "in cases in

which the plan is not filed at the time the petition is filed, the due date for the first payment is the earlier of thirty (30) days after the plan is filed or thirty (30) days after the petition is filed." *Chapter 13 Guidelines for the United States Bankruptcy Court for the Western District of Oklahoma*, Section III (A). As of the March 10 hearing date, Debtor had made no payments to the Chapter 13 trustee.

(4) As of this date, March 10, 2015, Debtor has not filed copies of all payment advices or other evidence of payment from his employer as required by Fed. R. Bankr. P. 1007(c)(1)(E) and Section III (C) of the *Chapter 13 Guidelines for the United States Bankruptcy Court for the Western District of Oklahoma*.

(5) On March 9, 2015, Debtor filed his *Certificate of Credit Counseling* as required for eligibility to be a debtor under the bankruptcy code §109(h)(1) [Doc. #55]. The *Certificate of Counseling* indicates that he received credit counseling on January 7, 2015, at 8:42 PM EST (7:42 PM CST). Debtor filed his bankruptcy Petition at 3:17 PM CST on January 7, 2015, some 4½ hours prior to his obtaining credit counseling. Exhibit D to Debtor's Petition, *Individual Debtor's Statement of Compliance with Credit Counseling Requirement*, filed on January 7, 2015, Debtor checked the box in paragraph 2 which provides as follows:

> "Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisting me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you in a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy is filed"*. (Emphasis original).

Exhibit D was signed by Debtor under oath and subject to the penalties of perjury. It is clear that Debtor did not obtain a credit counseling before the filing of his bankruptcy at 3:17 PM CST on January 7, 2015.

In *In re Francisco*, 390 B.R. 700 (10th Cir. BAP 2008), the court concluded that credit counseling completed on the day a bankruptcy petition is filed is satisfactory so long as the counseling is completed before the petition is filed. In so ruling, the court stated:

> "This court, however, respectfully concludes that the proper focus is on the meaning of the term 'date' in relation to the filing of the petition, because *Section 109(h)(1) sets a deadline for credit counseling that must be accomplished for debtor to be eligible to file a petition".*

Id. at 705.

The Bankruptcy Appellate Panel, in addressing the statutorily imposed deadline for credit counseling, further concluded:

> "Given that nothing in the legislative history supports an interpretation of that deadline as including a waiting period prior to filing of the petition, as well as the difficulty of enforcing such a waiting period under the current statutory language, we conclude that *a debtor qualifies as a debtor under §109(h) so long as he or she completes the required credit counseling at any time between 180 days before, and the moment of, filing the petition*". (Emphasis supplied).

The majority of courts hold that the bankruptcy case must be dismissed or stricken based upon lack of eligibility if the credit counseling requirement is not met prior to filing of the petition. *In re Borges*, 440 B.R.551, 556 (Bankr. D. N.M. 2010).

In *In re Lane*, 2012 WL 1865448 (Bankr. N.D. Okla. 2012), Judge Michael was presented with the identical factual circumstances as in the present case. There, debtor filed bankruptcy at 8:01 PM CDT along with the form Exhibit D on which she had checked the box in paragraph 2 indicating that she had received a briefing from an approved credit

counseling agency "within the 180 days before the filing of [her] bankruptcy case", and that she had a certificate from the agency that described the services provided to her. The Certificate of Counseling filed three days after bankruptcy indicated she had received a briefing from an approved credit counseling agency at 9:09 PM CDT, one hour and eight minutes after filing bankruptcy. In determining that debtor had not complied with the requirements of § 109(h)(1) and therefore was not eligible to be a debtor under Title 11, Judge Michael followed the reasoning of *In re Francisco* and stated as follows:

> "[T]he court finds that the phrase '180-day period ending on the date of filing' means that the period in question ends at the moment of the filing the petition, and does not extend to the end of the calendar day of the petition date.
>
> * * * *
>
> * * * Given that such a detailed scheme is provided by the statute to request a temporary waiver of the credit counseling requirement in appropriate circumstances, does not make sense that the statute would also create a window for those who are able to scurry and quickly complete the requirement before midnight on the petition date. This is not the kind of practice that the court wishes to encourage or facilitate. The court finds that the debtor received the required credit counseling approximate one hour after her petition was filed, and therefore has not complied with the statutory requirement of receiving credit counseling during the '180-day period ending on the date of the filing of the petition.'"

See also, *In re Arkuszewski*, 507 B.R. 242 (Bankr. N.D. Ill. 2014)(start of credit counseling before bankruptcy petition filed but completion of counseling after filing rendered debtor ineligible for Chapter 13 relief).

Debtor's ineligibility to be a debtor due to his failure to properly comply with the credit counseling requirements of §109(h), aside from the issue of false swearing in Exhibit D, alone compels dismissal of the case. Bankruptcy courts may take up the question of eligibility *sua sponte*. *Matter of Hammers*, 988 F.2d 32 (5th Cir. 1993); *Pleasant Point*

*Apartments v. Kentucky Housing Corp.*, 139 BR 828 (W.D. Ky. 1992); *In re Great American Pyramid Joint Venture*, 144 B.R. 780 (Bankr. W.D. Tenn1992). "Because the requirements for compliance with section (h)(1) are 'plain and mandatory', bankruptcy courts are left with no discretion to conduct further inquiry regarding a debtors eligibility. *In re Borges*, 440 B.R. 551(Bankr. D. N.M. 2010). Mandatory dismissal is the appropriate remedy for failure to comply with § 109(h). *In re Crawford*, 420 B.R. 833 (Bankr. D. N.M. 2009); *In re Borges,* supra.; *In re Seaman*, 340 B.R. 698, 706 (Bankr.E.D. N.Y. 2006) (citing 31 decisions beginning in 2005 in which courts held that eligibility for failure to comply with section 109(h) requires dismissal). Based upon Debtor's ineligibility, and his failure to fulfill his obligations in this case, including his failure to pay the filing fees within the time ordered by the court's show cause order, his failure to file a Chapter 13 plan and his failure to file pay advices clearly compels dismissal. That the court dismisses the case, however, does not end the story. Given the totality of the circumstances, including Debtor's conduct in this case as well as his previous filings, this Court is granted authority pursuant to §§ 105(a) and 349(a) to impose conditions of such dismissal. Therefore, a brief history of the Debtor's prior bankruptcies is in order.

Beyond not being eligible as a debtor and not having fulfilled the requirements of a debtor in this case as recited above, this case is the story of a serial bankruptcy filer. This is Debtor's thirteenth (13th) bankruptcy, under Chapters 7, 13, and even 11, since 1998, eleven of which have been filed since 2007, including:

(1) Case number 07-14479-NLJ, a case under Chapter 13, filed on December 6, 2007. It was dismissed on motion of the Chapter 13 trustee on January 25, 2008, for failure to file information.

(2) Case number 08-12141-NLJ, another Chapter 13 case, filed on May 27, 2008. The case was dismissed with prejudice on July 21, 2008, for failure to file information.

(3) Case number 09-15958-NLJ was filed October 23, 2009, and was dismissed for violation of bankruptcy rules, including making the required plan payments. The court's order of dismissal was with prejudice and barred Debtor from the filing of another petition within 180 days.

(4) Case number 10-12406-WV was filed on April 23, 2010. This Chapter 11 case was dismissed on July 15, 2010, due, in part, to Debtor's violation of the 180 day bar to refiling, failure to pay filing fees, as well as being a Chapter 11 filed *pro se*, despite the prohibition of a non-individual proceeding *pro se.* Local Rule 9010-1.E.

(5) Case number 10-14960-NLJ was filed on August 13, 2010, and was dismissed with prejudice on September 17, 2010, due to Debtor's failure to pay the filing fee and a finding by the court that the debtor constituted an "abusive filer". The court's order of dismissal also barred debtor from refiling for 180 days.

(6) On September 24, 2010, Debtor filed case number 10-15840-NLJ. On the same day the case was filed it was dismissed by the court due to Debtor's violation of the 180 day bar to refiling. The court's order of dismissal once again barred refiling another case within 180 days of the order.

(7) On December 10, 2010, Debtor filed another Chapter 13, case number 10-17238-NLJ. On January 12, 2011, the court entered an order entitled *"Order Dismissing*

*Bankruptcy Case for Bad Faith Filing and Permanently Disqualifying the Debtor's Current Debts from Discharge in Any Future Bankruptcy Case".* The case was dismissed by the court due to Debtor's violation of the bar to refiling, with Judge Niles Jackson's specific finding that Debtor was not only a serial filer, but "an abusive serial filer". In the court's December 1, 2010, order denying the debtors application for the payment of filing fees in installments the court noted the prior history of Debtor:

> "A review of court records indicates that this is Debtor's seventh bankruptcy filing since August 13, 1998. In three of the prior cases debtor was permitted to pay filing fee in installments the filing fees are still outstanding in those prior cases. Additionally, Debtor never filed schedules are a plan in four of the prior cases and they would dismissed prior to confirmation". [Doc. # 5].

Additionally, the Court's order of dismissal excepted from discharge any debts existing as of the petition filing date.

(8) On October 18, 2011, Debtor filed a Chapter 7, case number 11-15686-WV. On March 12, 2012, that case was closed with a discharge having been granted.

(9) On August 10, 2012, Debtor filed another Chapter 7, case number 12-13976-WV. The case was subsequently converted to a Chapter 13, but on April 24, 2013, confirmation was denied and the case was dismissed. The court's order of dismissal prohibited Debtor from refiling a petition within 180 days of the order. In denying the Debtor's *Application to Pay Filing Fee in Installments* in that case Judge Weaver noted the application should be denied "given the debtors past filing history and repeated failures to comply with his responsibilities under the Bankruptcy Code. . .". [Doc. #11].

(10) On June 6, 2014, Debtor filed another Chapter 13, Case Number 14-12423-NLJ. On June 24, 2014, the case was dismissed by the court with prejudice for failure to pay filing fees and with a specific finding that Debtor was an abusive filer.

Not all serial filers should be viewed or treated similarly under the law. Some multiple filings are the result of inadvertent or unintentional mistakes in filing and prosecuting cases by debtors, resulting in their cases being dismissed and having to start over again. Some serial filers fall on hard times post-petition – losing a job or sustaining injury or illness resulting in the inability to perform under a plan. Some serial filers incur unanticipated post-petition expenses, such as costly car or home repairs or when a spouse or roommate leaves, and the debtor does not have someone with whom to share expenses. In short, there are legitimate and sympathetic causes for failure to confirm a plan or receive a discharge. On the other hand, there are serial filers who repeatedly file bankruptcy on the eve of a rescheduled foreclosure sale to take advantage of the automatic stay with no serious intent to prosecute the bankruptcy to a successful plan or discharge. See, *In re Hughes*, 360 B.R. 202 (Bankr. N.D. Tex. 2007). When that occurs, as here, the court has the ability to do more than simply let the case be dismissed for the debtor to return at his convenience.

In order to prevent abuse of the bankruptcy process by bad faith filings, courts have the authority to dismiss bankruptcy cases, to enjoin future filings, to impose sanctions under §§ 105(a), 109(g) or 349(a) and to permanently bar discharge of specific debts or a class of debts under § 349(a).[3] Bankruptcy Code § 349(a) provides:

---

[3] In fact, in his *Order Dismissing Bankruptcy Case for Bad-Faith Filing and Permanently Disqualifying the Debtor's Current Debts from Discharge in any Future Bankruptcy Case,* entered on January 12, 2011, in case number 10-17238-NLJ [Doc. # 30], Judge Jackson ordered "that all debts of the debtor shall be permanently disqualified from discharge in any future bankruptcy case or cases filed by the debtor, pursuant to 11 U.S.C.§ 349(a), and Debtor shall remain liable for any and all of his debts which were potentially subject to discharge as a result of the filing of his bankruptcy petition on December 1, 2010".

> "(a) unless the court, for cause, orders otherwise, the dismissal of the case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, *except as provided in Section 109(g) of this title".* (Emphasis added.)

The court has discretion to determine what type of conduct constitutes "cause" under section 349(a) in light of the factors set forth in *Hall*, namely, whether (1) the debtor demonstrated bad faith or defiance, and (2) whether the debtor's conduct was abusive or prejudicial to creditors. The *Norton* Court analyzed each of the two criteria:

> "A bad-faith determination under section 349(a) is akin to the same determination under § 1307(c) . . . But looks beyond whether a debtor's plan was filed in good faith. The comprehensive, retrospective inquiry of section 349(a) includes, among other things, whether plans were filed in good faith, whether petitions were filed for an improper purpose, and whether the debtor fulfilled her statutory requirements. Section 349(a) looks beyond the totality of the circumstances in the current case and reaches back to the circumstances of each prior filing. This court adopts the *Flygare* factors for this section 349(a) bad-faith analysis because those factors offer guidance to the court in defining what conduct generally constitutes bad faith.
>
> The inquiry, however, does not end with the *Flygare* bad faith analysis because a section 349(a) dismissal must be premised on a debtor's exhibition of additional undesirable or egregious conduct that goes beyond the type of conduct that would justify a 'for cause' or bad faith dismissal under sections 1307 or 1325. Some courts have referred to this conduct as 'contumacious' or a 'pattern of evasion'. This Court also chooses to label this conduct as 'defiant'. The word 'defiant' is defined as 'bold resistance to an opposing force or authority'".

Although successive filings do not necessarily constitute defiant conduct, a pattern of repeatedly filing bankruptcy petitions that the debtor fails to prosecute evidences bad-faith and an attempt to abuse the system. *See*, *In re Freeman*, 224 B. R. 376 (S. D. Ohio 1998); *In re McCoy*, 237 B.R. 419 (S. D. Ohio 1999); *In re McClure*, 69 B. R. 282 (Bankr. S.D. Ind. 1987); *In re Levitt* , 171 F.3d 1219 (9th Cir. 1999).

As to the second factor of prejudice to creditors or abusiveness, the *Norton* opinion stated at 319 B.R. 683-84:

> "A creditor is prejudiced when a debtor, through repeated filings, denies the creditor the opportunity to exercise its contractual rights because of the automatic stay. Abusive serial filing not only denies a creditor certain rights, it allows a single 'rapacious' debtor to use the automatic stay as a sword against its creditor that is not the purpose of section 362".

In addition to employing § 349(a) as a means for remedying a debtor's abuse of the system, the court is empowered by §105(a) to fashion appropriate remedies in aid of its jurisdiction and as may be necessary to prevent injustice. Section 105 (a) is, in its entirety, as follows:

> "(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action of making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process".

The bankruptcy court maintains the authority to exercise its equitable remedies under certain fact scenarios – particularly involving serial filers – which is consistent with the provisions and policies *of the Bankruptcy Code. See e.g.,In re Norton, 319 B.R. 671 (Bankr. D. Utah 2005); U.S. v. Montgomery*, 475 B.R. 742 (D. Kan. 2012); *In re Richardson*, 994 F.2d. 763, 765 (10th Cir.1993); *United States v. Gilmore*, 226 B.R. 567, 573-74 (E. D. Tex.1998).

In this case, the evidence satisfies both legal standards under § 349 (a) and *In re Norton* as well as § 105(a) for this Court to dismiss the case with prejudice. Debtor has acted in bad faith within the meaning of section § 349(a) and abused the system under §105(a). The series of 13 bankruptcies exhibits a pattern of defiant conduct. Almost all

of the bankruptcies did not result in confirmation of a plan or a discharge. At least three bankruptcies were filed in violation of the bankruptcy courts orders of a 180 day dismissal with prejudice under section 109(g). Debtor has failed to pay filing fees in numerous cases. In fact, on more than one occasion, including this case, he sought to pay filing fees in installments when he had not paid the filing fees in previously dismissed cases. He has unsuccessfully sought recusal of two bankruptcy judges, including this Court [Doc. # 58] and in a prior case. [Case # 12-13976, Doc. # 80] and the Chapter 13 trustee [Case # 12-13976, Doc. # 92]. He has filed contempt motions against at least three attorneys of various creditors. He has on more than one previous occasion been specifically found to have acted in disregard of his obligations under the bankruptcy code, including in a prior case before Judge Niles Jackson in this court to be "not only an abusive serial filer, but a super abusive filer" [Case #11-15686-NLJ, Doc. # 26]. Despite Judge Jackson's strong language, Debtor has since filed three more bankruptcies. Debtor's continued and unjustified failure to pay, or in this case to timely pay, filing fees further evidences bad faith. The unfounded motions, the inappropriate responses to motions, the failure to file proper and complete pleadings and the failure to file realistic plans in any Chapter 13 case further demonstrate a complete lack of good faith.

The litany of cases filed by Debtor, the great majority of which were dismissed without either confirming a plan or the entry of a discharge, together with the fact that Debtor has filed bankruptcy at the last minute to stop approximately eight motions confirming foreclosure sales, is evidence of bad faith conduct. The filing of repetitive bankruptcy cases to forestall secured creditors exercising foreclosure rights, and without any intent to comply with basic bankruptcy requirements, is an abuse of the process and

a violation of the spirit and intent, if not the letter, of the Bankruptcy Code. Bankruptcy courts are intended to be a haven for the honest but unfortunate debtor who has no other viable option to save property and deal with creditors. Individuals who participate in schemes such as this Debtor not only impose a burden on the judicial system at the American taxpayers expense (due to the wasted time and expense undertaken by clerk personnel, court personnel, and the personnel of the United States Trustee system in processing these cases), but also likely increase the cost of capital to the rest of the public due to the untold wasted collection dollars incurred by the secured lender. Debtor's actions are found by this Court, as previously found by both Judge Jackson and Judge Weaver, to be abusive, done both in bad faith and wilful misconduct and finds such actions to be sanctionable.

Dismissal of the case with prejudice along with other conditions is absolutely necessary given the history of Debtor. When considering possible sanctions, the court is mindful that it should impose the least onerous sanction that will remedy the prejudice, punish the past wrongdoing, and deter future wrongdoing, *In re Krause*, 367 B.R. 740 (Bankr. D.Kan. 2007), and that "dismissal with prejudice is a severe sanction to which the courts should resort only infrequently". *In re Hall*, 887 F.2d. 1041, 1045 (10th Cir.1989). There is little doubt that this court would be justified in imposing sanctions more severe than mere dismissal with prejudice, including the barring of Debtor's discharge as imposed in one of Debtor's previous cases. This Court elects not to do so.

Therefore, based on the above findings of fact and the applicable authorities, the Court dismisses with prejudice to the filing of any future petition for relief under any chapter of the Bankruptcy Code for a period of 180 days following the entry of this order, and that

any refiling of bankruptcy beyond the180 day period from the date of this order be on the condition that all previously unpaid filing fees of Debtor are paid in full before any new case is filed. Many courts have invoked the powers of sections 105(a) or 349(a) to sanction bad-faith serial filers by prohibiting further bankruptcy filings for over 180 days. [*In re Tolbert*, 258 B.R. 387 (Bankr. W. D. Mo. 2010) (imposing a three-year restriction where debtor filed eight cases solely to protect his assets with no reasonable prospect of reorganizing); *In re Rusher*, 283 B.R.544 (Bankr. W. D. Mo. 2002) (enjoining for three years debtor who use successive filings to retain all of her assets without making plan payments or confirming a plan). Under 10th Circuit law, while "§ 349(a) gives bankruptcy courts discretion to determine whether there is 'cause' to dismiss a case with prejudice," the section cannot "deny a debtor all future access to bankruptcy court, *except as provided in §* 109(g) which imposes a 180 day limit. *United States v. Frieouf (In re Frieouf),* 938 F.2d 1009 (10th Cir. 1999). Though Debtor has felt free to ignore previous court orders barring filing cases within the 180 day period, under *Frieou*f this Court is constrained from barring Debtor's refiling bankruptcy beyond the 180 days.[7]

**IT IS THEREFORE ORDERED** that this case is hereby dismissed with prejudice to the filing of any future bankruptcy case in any bankruptcy court within the United States for a period of 180 days from the date of the entry of this order.

---

[7] *In re Casse*, 198 F.3d. 327, 337 (2nd Cir.1999) ("Indeed, in all circuits but the Tenth, bankruptcy courts and district courts invariably derive from §105(a) or § 349(a) of the Code, or from both sections in some cases, the power to sanction bad-faith serial filers such as the the debtor here by prohibiting further bankruptcy filings for longer periods of time than 180 day specified by § 109 (g)"); *In re Leavitt*, 171 F.3d. 1219, 1225-26 (9th Cir. 1999); *In re Dietrich*, 2007 WL 579547 (6th Cir. 2007); *In re Cooper*, 150 B.R. 898, 900 (D. Colo. 1993) (the court acknowledged it was limited to a 180 period of dismissal with prejudice under *Frieouf* but noted "this is not to say, however, that the circuit's decision is free from all doubt or has been widely championed as a wise and just decision.").

**IT IS FURTHER ORDERED** that as a condition precedent for filing any future bankruptcy that Debtor tender to the Court Clerk the full amount of any fee required by such filing together, plus $232 unpaid fees from case number 14-12423, $274 for case number 10-15840, $205 for case number 10-14960, and $779 for case number 10-12406. The failure to make full payment of such amounts at the time of filing any future bankruptcy (and beyond the 180 day period) will result in *sua sponte* dismissal of the case by this court.

# # #